UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EDWIN DIAZ, on behalf of himself and all others similarly situated

        Plaintiff,

-against-

AKRIS, INC.,

        Defendant.

Case No. 1:18-CV-09421-PAE-GWG

**DEFENDANT'S ANSWER AND DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant Akris, Inc. ("Akris" or "Defendant"), by its undersigned attorneys Constangy, Brooks, Smith & Prophete, LLP, hereby answers the October 15, 2018 Complaint ("Complaint") of Plaintiff, Edwin Diaz and all others similarly situated ("Plaintiff" or "Diaz").  Any allegation not explicitly admitted is denied.  Moreover, the headings contained within the Complaint are not substantive allegations to which an answer is required. To the extent those headings are substantive allegations to which an answer is required, Defendant denies the allegations. In answer to the Complaint, Defendant states as follows:

## INTRODUCTION

1. Defendant admits Plaintiff is asserting claims against Defendant, but denies any such claims are meritorious.

2. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 2 of the Complaint, and thus denies the allegations.

3. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 3 of the Complaint, and thus denies the allegations.

4. Defendant admits Plaintiff has brought this action but denies the allegations in Paragraph 4 of the Complaint.

5. Defendant admits Plaintiff seeks injunctive relief but denies such injunctive relief is warranted and otherwise denies the allegations in Paragraph 5 of the Complaint.

## JURISDICTION AND VENUE

6. Defendant admits the allegations in Paragraph 6 of the Complaint.

7. Defendant admits the allegations in Paragraph 7 of the Complaint, if the Court chooses to exercise such supplemental jurisdiction.

8. Defendant admits to litigate in this venue, but otherwise denies the allegations in Paragraph 8 of the Complaint.

9. Defendant admits to jurisdiction, but otherwise denies the allegations in Paragraph 9 of the Complaint.

10. Defendant admits the allegations in Paragraph 10 of the Complaint, but denies a declaratory judgment is appropriate or warranted.

## PARTIES

11. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 11 of the Complaint, and thus denies the allegations.

12. Defendant admits the allegations in Paragraph 12 of the Complaint.

13. Defendant admits the allegations in Paragraph 13 of the Complaint.

## NATURE OF ACTION

14. Paragraph 14 of the Complaint contains no allegations and therefore no response is required. To the extent a response is required, Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 14 of the Complaint, and therefore denies those allegations.

15. Defendant admits that vision-impaired people use certain devices and/or software to connect to the Internet, but otherwise it has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 15 of the Complaint, and therefore denies the allegations.

16. Defendant admits that vision-impaired people use certain devices and/or software to connect to the Internet, but otherwise it has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 16 of the Complaint, and therefore denies the allegations.

17. Paragraph 17 of the Complaint contains no allegations and therefore no response is required. To the extent a response is required, Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 17 of the Complaint, and therefore denies the allegations.

18. Defendant admits the World Wide Web Consortium published version 2.0 of Web Content Accessibility Guidelines, but otherwise denies the allegations in Paragraph 18 of the Complaint.

19. Defendant admits there are elements of websites that can affect the ability of persons with vision impairment to use the Internet, but otherwise denies the allegations in Paragraph 19 of the Complaint.

## STATEMENT OF FACTS

Defendant's Barriers on Its Website

20. Defendant admits it is a clothing and accessories retailer that operates AKRIS stores and that it has a website, but otherwise denies the allegations in Paragraph 20 of the Complaint.

21. Defendant admits the allegations in Paragraph 21 of the Complaint.

22. Defendant admits its store is a place of public accommodation and that it operates a website that people can access via the internet, but otherwise denies the allegations in Paragraph 22 of the Complaint.

23. Defendant admits its website provides information that can be accessed through the Internet, but otherwise denies the allegations in Paragraph 23 of the Complaint.

24. Defendant denies the allegations in Paragraph 24 of the Complaint.

25. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 25 of the Complaint, and therefore denies the allegations.

26. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 26 of the Complaint, and therefore denies the allegations.

27. Defendant denies the allegations in Paragraph 27 of the Complaint.

<u>Defendant Must Remove Barriers To Its Website</u>

28. Defendant denies the allegations in Paragraph 28 of the Complaint.

29. Defendant denies the allegations in Paragraph 29 of the Complaint.

30. Defendant denies the allegations in Paragraph 30 of the Complaint.

31. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint as it pertains to Plaintiff and Plaintiff's attempts to use the website, and therefore denies the allegations. Defendant otherwise denies the remaining allegations in Paragraph 31 of the Complaint.

32. Defendant admits Plaintiff alleges discrimination, but otherwise denies the allegations in Paragraph 32 of the Complaint.

33. Defendant denies the allegations in Paragraph 33 of the Complaint.

34. Defendant admits the ADA empowers a court to provide injunctive relief, but denies such a remedy is appropriate in this case, but otherwise denies the allegations in Paragraph 34 of the Complaint.

35. Defendant admits Plaintiff seeks a permanent injunction, but otherwise denies the allegations in Paragraph 35 of the Complaint.

36. Defendant denies the allegations in Paragraph 36 of the Complaint.

37. Defendant denies the allegations in Paragraph 37 of the Complaint.

38. Defendant denies the allegations in Paragraph 38 of the Complaint.

39. Defendant denies the allegations in Paragraph 39 of the Complaint.

## CLASS ACTION ALLEGATIONS

40. Defendant admits Plaintiff is seeking class certification, but denies a class is appropriate and denies violating the law. Except as expressly admitted, Defendant denies the allegations in Paragraph 40 of the Complaint.

41. Defendant admits Plaintiff is seeking class certification, but denies a class is appropriate and denies violating the law. Except as expressly admitted, Defendant denies the allegations in Paragraph 41 of the Complaint.

42. Defendant admits Plaintiff is seeking class certification, but denies a class is appropriate and denies violating the law. Except as expressly admitted, Defendant denies the allegations in Paragraph 42 of the Complaint.

43. Defendant denies the allegations in Paragraph 43 of the Complaint.

44. Defendant denies the allegations in Paragraph 44 of the Complaint.

45. Defendant denies the allegations in Paragraph 45 of the Complaint.

46. Defendant denies the allegations in Paragraph 46 of the Complaint.

47. Defendant denies the allegations in Paragraph 47 of the Complaint.

# FIRST CAUSE OF ACTION
# VIOLATIONS OF THE ADA, 42 U.S.C. § 1281 *et seq.*

48. Defendant repeats and realleges its answers to the preceding allegations of the Complaint as though fully set forth herein.

49. Paragraph 49 of the Complaint contains a conclusion of law and/or no new allegations and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph of the Complaint.

50. Defendant admits its New York City location may be a place of public access, but otherwise denies the allegations in Paragraph 50 of the Complaint.

51. Paragraph 51 of the Complaint contains a conclusion of law and/or no new allegations and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph of the Complaint.

52. Paragraph 52 of the Complaint contains a conclusion of law and/or no new allegations and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph of the Complaint.

53. Paragraph 53 of the Complaint contains a conclusion of law and/or no new allegations and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph of the Complaint.

54. Defendant denies the allegations in Paragraph 54 of the Complaint.

55. Defendant admits that Plaintiff seeks certain relief and admits the ADA provides potential relief for a meritorious case, but denies such relief is warranted in this action. Except as expressly admitted, Defendant denies the allegations in Paragraph 55 of the Complaint.

## SECOND CAUSE OF ACTION
## VIOLATIONS OF THE NYSHRL

56. Defendant repeats and realleges its answers to the preceding allegations of the Complaint as though fully set forth herein.

57. Paragraph 57 of the Complaint contains a conclusion of law and/or no new allegations and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph of the Complaint.

58. Defendant admits some of its New York City location may be a place of public access, but otherwise denies the allegations in Paragraph 55 of the Complaint.

59. Defendant admits the applicability of the law to its New York City location, but otherwise denies the allegations in Paragraph 59 of the Complaint.

60. Defendant denies the allegations in Paragraph 60 of the Complaint.

61. Paragraph 61 of the Complaint contains a conclusion of law and/or no new allegations and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph of the Complaint.

62. Paragraph 62 of the Complaint contains a conclusion of law and/or no new allegations and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph of the Complaint.

63. Defendant denies the allegations in Paragraph 63 of the Complaint.

64. Defendant denies the allegations in Paragraph 64 of the Complaint.

65. Defendant denies the allegations in Paragraph 65 of the Complaint.

66. Defendant denies the allegations in Paragraph 66 of the Complaint.

67. Defendant admits Plaintiff seeks injunctive relief, but denies such a remedy is warranted in this action. Except as expressly admitted, Defendant denies the allegations in Paragraph 67 of the Complaint.

68. Defendant denies the allegations in Paragraph 68 of the Complaint.

69. Defendant denies the allegations in Paragraph 69 of the Complaint.

70. Defendant admits Plaintiff seeks certain remedies, but denies such remedies are warranted in this action. Except as expressly admitted, Defendant denies the allegations in Paragraph 67 of the Complaint.

### THIRD CAUSE OF ACTION
### VIOLATION OF THE NEW YORK STATE CIVIL RIGHTS LAW

71. Defendant repeats and realleges its answers to the preceding allegations of the Complaint as though fully set forth herein.

72. Defendant has insufficient knowledge and information to form a belief as to the truth of the allegations and therefore it denies the allegations in Paragraph 72 of the Complaint.

73. Paragraph 73 of the Complaint contains a conclusion of law and/or no new allegations and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph of the Complaint.

74. Paragraph 74 of the Complaint contains a conclusion of law and/or no new allegations and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph of the Complaint.

75. Paragraph 75 of the Complaint contains a conclusion of law and/or no new allegations and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph of the Complaint.

76. Defendant admits the applicability of the law as to its New York City location but otherwise denies the allegations in this Paragraph of the Complaint.

77. Defendant denies the allegations in Paragraph 77 of the Complaint.

78. Paragraph 78 of the Complaint contains a conclusion of law and/or no new allegations and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph of the Complaint.

79. Paragraph 79 of the Complaint contains a conclusion of law and/or no new allegations and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph of the Complaint.

80. Defendant denies the allegations in Paragraph 80 of the Complaint.

81. Defendant denies the allegations in Paragraph 81 of the Complaint.

82. Defendant denies the allegations in Paragraph 82 of the Complaint.

**FOURTH CAUSE OF ACTION**
**VIOLATIONS OF THE NYCHRL**

83. Defendant repeats and realleges its answers to the preceding allegations of the Complaint as though fully set forth herein.

84. Paragraph 84 of the Complaint contains a conclusion of law and/or no new allegations and therefore no response is required. To the extent a response is required, Defendant denies the allegations in this Paragraph of the Complaint.

85. Defendant admits its New York City location may be a place of public access, but otherwise denies the allegations in Paragraph 85 of the Complaint.

86. Defendant admits the applicability of the law to its New York City location, but otherwise denies the allegations in Paragraph 85 of the Complaint.

87. Defendant denies the allegations in Paragraph 87 of the Complaint.

88. Paragraph 88 of the Complaint contains a conclusion of law and/or no new allegations and therefore no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 88 of the Complaint.

89. Defendant denies the allegations in Paragraph 89 of the Complaint.

90. Defendant denies the allegations in Paragraph 90 of the Complaint..

91. Defendant denies the allegations in Paragraph 91 of the Complaint.

92. Defendant denies the allegations in Paragraph 92 of the Complaint.

93. Defendant denies the allegations in Paragraph 93 of the Complaint.

94. Defendant denies the allegations in Paragraph 94 of the Complaint.

95. Defendant admits Plaintiff seeks certain remedies, but denies such remedies are warranted in this action. Except as expressly admitted, Defendant denies the allegations in Paragraph 92 of the Complaint.

## FIFTH CAUSE OF ACTION
## DECLARATORY RELIEF

96. Defendant repeats and realleges its answers to the preceding allegations of the Complaint as though fully set forth herein.

97. Defendant admits Plaintiff has filed a Complaint in this action and that Defendant denies wrongdoing or liability, but otherwise deny the allegations in Paragraph 97 of the Complaint.

98. Defendant denies the allegations in Paragraph 98 of the Complaint.

### PRAYER FOR RELIEF

Defendant denies that Plaintiff is entitled to any of the relief described in the "WHEREFORE" clause of the Complaint, or to any other form of relief whatsoever, and denies that it engaged in any unlawful conduct.

### DEFENSES

Without admitting any allegations in the Complaint, Defendant asserts the following defenses without assuming any burden of proof Defendant does not have as a matter of law:

## FIRST DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

## SECOND DEFENSE

Defendant's website is not a place of public accommodation under Title III of the ADA.

## THIRD DEFENSE

Defendant provides equivalent facilitation by providing reasonable alternatives for visually impaired individuals, through, *inter alia*, providing in-person and telephonic assistance to provide customers with information about and access to its products and services.

## FOURTH DEFENSE

Plaintiff's claims are barred by the ripeness doctrine because the U.S. Department of Justice has not issued regulations on accessibility standards for websites.

## FIFTH DEFENSE

Plaintiff's claims are barred by the primary jurisdiction doctrine and the court should refrain from exercising jurisdiction over them until the U.S. Department of Justice issues regulations on accessibility standards for websites under Title III of the ADA.

## SIXTH DEFENSE

Defendant's right to due process would be violated by imposing liability on it for the failure to abide by alleged accessibility standards about which the government has not given Defendant fair notice.

## SEVENTH DEFENSE

Plaintiff's assertion that the WCAG 2.0 Level AA guidelines constitute a legal standard would require an impermissible imposition of standards without following the appropriate methodology for creating regulatory requirements.

## EIGHTH DEFENSE

Plaintiff also fails to allege that Plaintiff sought and Defendant failed to provide appropriate auxiliary aids and services.

## NINTH DEFENSE

Plaintiff fails to allege that the requested accommodations would not fundamentally alter the nature of the goods, services, and privileges provided.

## TENTH DEFENSE

The requested accommodations were not readily achievable and/or reasonable.

## ELEVENTH DEFENSE

Plaintiff's claims are barred by equitable doctrines, such as the doctrines of laches, waiver and/or equitable estoppel.

## RESERVATION OF RIGHTS

Defendant reserves its right to assert any additional defenses, should such defenses become known to them during the course of litigation in this action.

**WHEREFORE**, Defendant respectfully request this Court to enter an Order: (a) dismissing the Complaint with prejudice; (b) awarding to Defendant its costs and expenses incurred herein, including reasonable attorneys' fees; and (c) granting such other relief as to the Court seems just and proper.

Date: March 18, 2019
New York, New York

          */s/ John E. MacDonald*
John E. MacDonald, Esq.,
CONSTANGY, BROOKS, SMITH & PROPHETE, LLP
989 Lenox Drive, Suite 206
Post Office Box 2065
Princeton, NJ 08543
(609) 454-0096 / Fax: (609) 844-1102

*Attorneys for Plaintiff*


**CERTIFICATE OF SERVICE**

      I HEREBY CERTIFY that a copy of the foregoing document has been filed this 18th day of March, 2019, with the Clerk of Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Joseph H. Mizrahi, Esq.
COHEN & MISRAHI LLP
Joseph @cml.legal
300 Cadman Plaza West, 12th floor
Brooklyn, NY 11201
Tel: (929) 575-4175
Fax: (929) 575-4195

Jeffrey M. Gottlieb
GOTTLIEB & ASSOCIATES
nyjg@aol.com
Dana L. Gottlieb
danalgottlieb@aol.com
150 East 18th Street, Suite PHR
New York, NY 10003-2461
Tel: (212) 228-9795

*Attorneys for Plaintiff*