**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------x
EDWIN DIAZ, on behalf of himself and all
others similarly situated
:
: Plaintiff(s),
:
: No. 18-cv-09421 (PAE) (GWG)
:
-against-
:
:
AKRIS, INC.,
:
: Defendant(s).
:
------------------------------------------------------------x

# REPORT OF RULE 26(f) MEETING AND PROPOSED CASE MANAGEMENT PLAN

In accordance with Federal Rule of Civil Procedure 26(f), counsel for the parties spoke on 1/16/19 and exchanged communications thereafter, and submit the following report of their meeting for the court's consideration:

1. **Summary of Claims, Defenses, and Relevant Issues**

   **Plaintiff:** This lawsuit concerns whether Defendants are violating the Americans with Disabilities Act, New York State Human Rights Law, New York, City Human Rights Law and New York State Civil Rights Law by not making their website equally accessible to the visually impaired. Defendants own and operate the website www.akris.ch. Their website is a gateway to and heavily integrated with their physical locations: listing the store's locations and operation hours; allowing customers to browse their products and learn information about the store's physical locations and special offers.

   **Defendant:** Defendant denies it has violated, and/or continues to violate the Americans with Disabilities Act of 1990, 42 U.S.C. Sec. 12101 or the American Disabilities Act Standards et seq., and denies that it has discriminated, and/or continues to discriminate, against Plaintiff. Additionally, Defendant denies that class action treatment is appropriate in this action and/or that Plaintiff is similarly situated to any alleged class members. Defendant further denies that there is any proper basis or cause of action to be brought before this Court.

2. **Basis of Subject Matter Jurisdiction:** _____

   This Court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 and 42 U.S.C. § 12181, as the plaintiff's claims arise under Title III of the ADA, 42 U.S.C. § 12181, et seq., and 28 U.S.C. § 1332. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the plaintiff's New York State Human Rights Law, N.Y. Exec. Law article 15, (NYSHRL), New York State Civil Rights Law article 4 (NYSCRL), and New York City Human Rights Law, N.Y.C. Admin. Code § 8 101, et seq., (NYCHRL) claims. Venue is proper in this district under 28 U.S.C. §1391(b)(1) and (2) because the plaintiff resides in this district, the defendant conducted and continues to conduct a substantial and significant amount of business in this district, the Defendant is subject to personal jurisdiction in this district, and a substantial portion of the conduct complained of herein occurred in this district.

3. **Subjects on Which Discovery May Be Needed**

Plaintiff:
_____
_____
_____

Defendant:
  Discovery regarding Plaintiff's basis for liability as well as discovery regarding the nature and scope of Plaintiff's alleged damages.
_____
_____

4. **Informal Disclosures**

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Plaintiff(s) on _____. In addition, on __5/13/19_____, Plaintiff(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

The information required by Rule 26(a)(1) of the Federal Rules of Civil Procedure was disclosed by Defendant(s) on _____. In addition, on __5/13/19_____, Defendant(s) produced/will produce an initial set of relevant documents identified in its Initial Disclosures and will continue to supplement its production.

5. **Formal Discovery**

The parties jointly propose to the Court the following discovery plan:

a. All fact discovery must be completed by _8/27/19_____.

b. The parties are to conduct discovery in accordance with the Federal Rules of Civil Procedure and the Local Rules of the Southern District of New York. The following interim deadlines may be extended by the parties on consent without application to the Court,

provided that the parties meet the deadline for completing fact discovery set forth in 3(a) above.

     i. <u>Depositions</u>: Depositions shall be completed by __7/27/19__ and limited to no more than __2__ depositions per party. Absent an agreement between the parties or an order from the Court, non-party depositions shall follow initial party depositions.

     ii. <u>Interrogatories</u>: Initial sets of interrogatories shall be served on or before __5/29/19__. All subsequent interrogatories must be served no later than 30 days before the discovery deadline.

     iii. <u>Requests for Admission</u>: Requests for admission must be served on or before __8/15/19__.

     iv. <u>Requests for Production</u>: Initial requests for production were/will be exchanged on __5/29/19__ and responses shall be due on __6/15/19__. All subsequent requests for production must be served no later than 30 days before the discovery deadline.

     v. <u>Supplementation</u>: Supplementations under Rule 26(e) must be made within a reasonable period of time after discovery of such information.

6. **Anticipated Discovery Disputes**

Are there any anticipated discovery disputes? Does either party seek limitations on discovery? Describe.

Not at this time.

7. **Amendments to Pleadings**

     a. Are there any amendments to pleadings anticipated? __Not at this time.__

     b. Last date to amend the Complaint: __5/29/19__

8. **Expert Witness Disclosures**

At this time, the parties do/do not (circle one) anticipate utilizing experts. Expert discovery shall be completed by  10/11/19                                                                    .

9. **Electronic Discovery and Preservation of Documents and Information**

    a. Have the parties discussed electronic discovery? _____

    b. Is there an electronic discovery protocol in place? If not, when the parties except to have one in place? _____

    c. Are there issues the parties would like to address concerning preservation of evidence and/or electronic discovery at the Initial Case Management Conference?

      Not at this time.
      _____
      _____

10. **Anticipated Motions**

    Following the close of discovery, Plaintiff anticipates moving for summary judgment and Rule 23(a) and (b) class certification.
    _____
    _____

11. **Early Settlement or Resolution**

The parties have/have not (circle one) discussed the possibility of settlement. The parties request a settlement conference by no later than  8/27/19               . The following information is needed before settlement can be discussed:

   _____
   _____
   _____

12. **Trial**

    a. The parties anticipate that this case will be ready for trial by  10/20/19     .

      b.      The parties anticipate that the trial of this case will require __3__ days.

      c.      The parties do /(do not) (circle one) consent to a trial before a Magistrate Judge at this time.

      d.      The parties request a (jury)/ bench (circle one) trial.

Plaintiff requests a jury trial. Defendant does not consent to a jury trial.

13.    **Other Matters**

_____
_____
_____

Respectfully submitted this _____ day of _____.

| ATTORNEYS FOR PLAINTIFF(S): | ATTORNEYS FOR DEFENDANT(S): |
|---|---|
| [signature] | /s/ John E. MacDonald |